IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK WILLIAMS,

                                               OPINION and
                                               ORDER

                   Plaintiff,

                                               09-cv-485-bbc

      v.

Mr. RICK RAEMISCH, Secretary;
Ms. WELCOME ROSE, Investigator;
Mr. WILLIAM POLLARD, Warden;
LT. CAMPBELL, Security Staff;
Ms. DIANE LONGSINE, Program Assistant;
Any and ALL JOHN/JANE DOE Unknown Parties -
Subordinate to "Warden";

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case for monetary, injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983, plaintiff Derek Williams alleges violations of his rights to equal protection and due process under the Fourteenth Amendment, his right to free speech under the First Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. On September 18, 2009, dkt. #3, I told plaintiff that his initial complaint violated Fed. R. Civ. P. 20 because it contained two separate lawsuits

1

against different sets of defendants:

- Lawsuit #1: Plaintiff contends that (1) defendant Lt. Campbell violated plaintiff's Fourteenth Amendment procedural due process rights by holding an unfair disciplinary hearing to punish plaintiff for allegedly fighting with a white inmate; (2) after the hearing, defendant Campbell violated plaintiff's equal protection rights by sentencing plaintiff to a harsher punishment than was given to the white inmate involved in the same incident; (3) defendant Campbell violated plaintiff's right to be free from cruel and unusual punishment by sentencing him to the segregation unit, which was unbearably cold, bright, noisy and aggravated his mental health problems; and (4) defendants Rick Raemisch, Welcome Rose and William Pollard violated plaintiff's due process, equal protection and Eighth Amendment rights by failing to investigate and improperly rejecting plaintiff's complaints of an unfair hearing, racial discrimination and harsh conditions in the segregation unit.

- Lawsuit #2: Plaintiff contends that (1) defendant Pollard violated plaintiff's equal protection rights by imposing visitation restrictions on plaintiff that are more severe than any restrictions imposed on white inmates; (2) defendant Longsine violated plaintiff's right to free speech by unlawfully censoring his complaints regarding his visitation privileges; and (3) defendant Rose and Raemisch violated plaintiff's rights to equal protection by failing to investigate and improperly dismissing plaintiff's complaint of racial disparity.

I directed plaintiff to identify which lawsuit he wished to pursue under this case number.

On September 28, 2009 plaintiff filed a motion for reconsideration, asking the court to reconsider its application of Rule 20. Dkt. #4. On October 5, 2009, I denied plaintiff's motion for reconsideration and extended his time until October 20, 2009 to advise the court of the claims on which he wished to proceed. Dkt. #5. Plaintiff has responded by filling

2

another motion for reconsideration of this court's application of Rule 20. In his response plaintiff also states that in the event the court does not grant his motion for reconsideration, he wishes to proceed under this case number with his claims arising out of "events related to plaintiff's alleged fight with another inmate." These are the claims in Lawsuit #1. Because I find that plaintiff's motion for reconsideration has no merit and will be denied, I will accept plaintiff's request to proceed with the claims of Lawsuit #1 under this case number. Accordingly, the claims of Lawsuit #1 will proceed as case number 09-cv-485-bbc and will be screened below pursuant to 28 U.S.C. § 1915.

In his response, plaintiff also states that he wishes to proceed on the claims in Lawsuit #2 and that he is trying to secure the necessary filing fee. I have previously explained to plaintiff that Lawsuit #1 and Lawsuit #2 cannot proceed in the same case. Thus, the claims of Lawsuit #2 will be treated as a separate action and assigned case number 09-cv-641-bbc. Before I can screen Lawsuit #2 pursuant to 28 U.S.C. § 1915, plaintiff must either pay the full filing fee of $350 or seek leave to proceed <u>in forma pauperis</u> and submit a prison trust fund account statement.

OPINION

A. <u>Motion for Reconsideration</u>

In denying plaintiff's first motion for reconsideration, I explained to plaintiff that his

3

theory that defendants Rick Raemisch, William Pollard and Welcome Rose operate a policy of "racial terrorism" was insufficient to transform his separate and distinct allegations of constitutional violations into a "series of transactions" that satisfies Rule 20. In his second motion for reconsideration, plaintiff contends that a "bald assertion of a policy of racial terrorism is all that is required at this [screening] stage." Plaintiff argues that the pleading standards enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, __ U.S.__, 129 S. Ct. 1937 (2009), which instruct litigants that they must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 129 S. Ct. at 1949, should not apply to prisoners and should not apply to plaintiffs who allege race discrimination claims.

In Iqbal, the Supreme Court said that the pleading standards in that case and in Twombly apply to "all civil cases," including discrimination claims. Id. at 1953. Further, the Court of Appeals for the Seventh Circuit has applied Twombly and Iqbal to prisoner pleadings. E.g., Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 821(7th Cir. 2009). Iqbal instructs courts not to accept abstract recitations of the elements of a cause of action or conclusory legal statements without reference to supporting facts as sufficient to plead any civil claim. Iqbal at 1949. Finally, Iqbal says that "whether a complaint states a claim for relief will . . . be a context-specific task," id. at 1950, meaning that "the height of

4

the pleading requirement is relative to circumstances" and some cases have a higher "standard of plausibility" than others. Cooney v. Rossiter, __ F.3d __, 2009 WL 3103998, *3 (7th Cir. Sept. 30, 2009). Cases involving allegations of conspiracy involve such a "high standard of plausibility. Id.

To the extent that plaintiff seeks to tie his claims together with allegations that defendants Raemisch, Pollard and Rose "operate a policy of racial terrorism," those are allegations of conspiracy and are based entirely on conclusory statements that must be disregarded under Iqbal. It is one thing to say that Raemisch, Pollard and Rose rejected plaintiff's appeals and thereby violated his constitutional rights. It is quite another to plead that these three defendants operate a broad policy of "racial terrorism," with no supporting facts. Because plaintiff has not provided anything more than sheer speculation that defendants Raemisch, Pollard and Rose have personally fostered and encouraged a broad policy of racial terrorism, plaintiff's motion for reconsideration will be denied.

### B. Lawsuit #1: 09-cv-485-bbc

Plaintiff has decided to pursue the claims raised in Lawsuit #1 in this case. Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be

5

sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). After examining plaintiff's complaint, I conclude that he may proceed on his claims that defendants Lt. Campbell and William Pollard violated his rights to procedural due process, defendant Pollard violated his right to equal protection and defendants Campbell and Pollard violated his right to be free from cruel and unusual punishment. Plaintiff will not be allowed to proceed on his claim that defendant Campbell violated his right to equal protection or on any of his claims against defendants Welcome Rose and Rick Raemisch.

In his complaint, plaintiff alleges the following facts.

1. Allegations of fact

Plaintiff Derek Williams is a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin. Defendant Rick Raemisch is the Secretary for the Wisconsin Department of Corrections. Defendant William Pollard is the warden of the Green Bay Correctional Institution. Defendant Welcome Rose is an investigator in the Inmate Complaint Examination Department and defendant Lt. Campbell is a hearing officer at the Green Bay Correctional Institution.

On December 12, 2008, plaintiff was accused of fighting with a white inmate. On

6

December 16, 2008, plaintiff was served with an Adult Major Conduct Violation Report, and was told that a disciplinary hearing regarding the incident would be held on December 29. Before the hearing, plaintiff attempted to gather witnesses and evidence, including a security videotape, to prove that he did not fight with the white inmate. A staff advocate met with plaintiff to discuss the hearing, but because there was some confusion about whether the staff advocate was correctly assigned to plaintiff's case, the advocate refused to accept the list of requested evidence and witness contact questions that plaintiff had prepared for his defense.

      Defendant Lt. Campbell presided over the disciplinary hearing. Before the hearing began, plaintiff requested that the hearing be postponed because the staff advocate did not gather the witnesses or evidence that plaintiff had requested. Campbell refused to postpone the hearing, stating that "it didn't matter what the tape showed," because he already "knew what went on here," and it did not matter what plaintiff's inmate witnesses had to say about the alleged incident, because he "already knew what was up." At the hearing, plaintiff repeatedly denied fighting and submitted a two-page written statement in his defense. Campbell accepted only one page of the statement, returning the second page to plaintiff. At the conclusion of the hearing, Campbell found plaintiff to be guilty of fighting and issued a punishment of 120 days' disciplinary separation in the segregation unit. This sentence was 30 days longer than the normal penalty for fighting.

7

On December 30, 2008, the white inmate who was allegedly involved in the fighting incident had a separate disciplinary hearing where he was also found guilty of fighting. As punishment, the white inmate lost 61 days of recreation. The white inmate had a worse institutional conduct record than plaintiff, but unlike plaintiff, the white inmate did not have to spend any time in disciplinary segregation.

Plaintiff appealed his sentence to defendant William Pollard. Pollard reduced plaintiff's charge from "fighting" to "disruptive conduct," and reduced his sentence to 60 days' separation in disciplinary segregation. Plaintiff appealed his sentence again. On March 26, 2009, defendant Welcome Rose issued a recommendation that plaintiff's appeal be dismissed because Pollard had agreed to grant plaintiff a new disciplinary hearing. However, plaintiff never received a new disciplinary hearing, so he submitted a grievance to defendant Rick Raemisch. Plaintiff has not received a response from Raemisch.

Meanwhile, from December 12, 2008 to February 6, 2009, plaintiff was incarcerated in the segregation unit, where a 60-watt lightbulb shone 24 hours a day, the temperature was between 40 and 50 degrees, surrounding inmates were constantly screaming and beating on the walls and plaintiff was denied access to clinical staff for his mental health problems. Plaintiff complained to defendant Campbell that he was cold, suffering from sleep deprivation, headaches, depression and loss of appetite, but nothing changed. Plaintiff then filed grievances regarding the segregation conditions, but defendant Pollard dismissed the

8

complaints and defendant Raemisch "rubber-stamped" Pollard's dismissal.

2. Discussion

a. Procedural due process

Plaintiff contends that defendant Lt. Campbell violated his right to procedural due process under the Fourteenth Amendment by holding an unfair disciplinary hearing on December 29, 2008 to punish plaintiff for allegedly fighting with a white inmate. Plaintiff also contends that defendants William Pollard, Rick Raemisch and Welcome Rose violated his procedural due process rights by failing to investigate the hearing and rejecting plaintiff's complaints regarding it.

To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-484 (1995). The Supreme Court has explained that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. A period of segregated confinement may be "atypical and significant" "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009).

9

Plaintiff alleges that the time he spent in disciplinary segregation from December 12, 2008 to February 6, 2009 was an "atypical and significant" hardship. Spending 51 days in a segregation unit would not usually qualify as a severe deprivation of a liberty interest that implicates the Fourteenth Amendment. Townsend v. Fuchs, 522 F.3d 765, 771 (7th Cir. 2008). However, plaintiff alleges that the conditions in segregation were extremely harsh. Specifically, plaintiff alleges that the segregation unit was unbearably bright, cold and noisy. At this stage, these facts are enough to infer that the harsh conditions and length of stay in the segregation unit implicated plaintiff's liberty interest.

Plaintiff has also alleged sufficient facts to allow an inference that the disciplinary hearing conducted by defendant Campbell was procedurally deficient. Prisoners are not afforded the full panoply of rights in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good time credits or in imposition of solitary confinement, due process requires that the prisoner receive, among other things, an opportunity consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his defense to an impartial decision maker. Edwards v. Balisok, 520 U.S. 641, 647 (1997); Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff has alleged facts to suggest that defendant Campbell was not an impartial decision maker and did not allow plaintiff to present the evidence and witnesses necessary

for an adequate defense. These facts are sufficient to allow the drawing of an inference that the disciplinary hearing did not meet the minimum standards of due process.

Because plaintiff alleges that defendant Campbell conducted an unfair hearing, I will allow him to proceed on a procedural due process claim against Campbell. In addition, plaintiff may proceed on his due process claim against defendant William Pollard. Plaintiff alleges that he told defendant Pollard about the unfair hearing while plaintiff was still in disciplinary segregation. It is plausible to infer that Pollard could have intervened by ordering a new hearing, but instead he simply "turned a blind eye." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

However, plaintiff cannot proceed with his procedural due process claims against defendants Welcome Rose and Rick Raemisch. Unlike Pollard, these defendants did not receive a grievance from plaintiff until it was too late to cure the alleged due process violations, after plaintiff had served his segregation sentence in full. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (prison official who rejects an administrative complaint about a completed act of misconduct does not violate prisoner's constitutional rights).

b. Equal protection

A plaintiff asserting a claim of race discrimination under the equal protection clause must establish that (1) he belongs to a protected class such as a racial minority; (2) a state

11

actor treated him differently from other similarly situated individuals; and (3) the state actor was motivated by a discriminatory purpose.  Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005);  DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000).

Plaintiff alleges that he is black and that he received a punishment that was significantly harsher than the punishment given to a similarly situated white inmate. Plaintiff contends that defendant Campbell violated his rights to equal protection by imposing the sentence of 120 days in disciplinary segregation where the white inmate involved in the same incident received a lesser sentence.  However, different hearing officers sentenced the two inmates,  dkt. #1-3, Attachment #18, and plaintiff alleges no other facts that would allow an inference that Campbell treated plaintiff differently because of his race.

As for defendant Pollard, plaintiff argues that Pollard violated plaintiff's equal protection rights by failing to correct the disparity between plaintiff's sentence and that of the white inmate.  Plaintiff alleges that after he notified Pollard that he had received a significantly harsher punishment than a white inmate involved in the same incident, Pollard reduced plaintiff's charge from "fighting" to "disruptive conduct" and reduced his sentence to 60 days' disciplinary segregation.  Plaintiff's punishment was still higher than the white inmate's punishment.  It is plausible to infer that by reducing plaintiff's sentence, Pollard was aware that plaintiff received punishment that was harsher than that given a similarly situated white inmate, but failed to remedy the disparity.  Although there may have been

12

other reasons Pollard let the disparity remain, at this stage, these facts are sufficient to allow a plausible inference that Pollard treated plaintiff unequally because of plaintiff's race.

Finally, plaintiff also asserts equal protection claims against defendants Raemisch and Rose for failing to investigate and improperly rejecting plaintiff's complaints of racial discrimination. As explained above, defendants Raemisch and Rose were not made aware of the December 29, 2008 disciplinary hearing or plaintiff's punishment in the segregation unit until after plaintiff was released from segregation. Thus, they cannot be held liable for equal protection violations because they could not have intervened and prevented any injury plaintiff suffered.

c. Eighth Amendment

Plaintiff alleges that while he was in segregation at the Green Bay Correctional Institution, he was subject to constant illumination and cold temperatures, which caused him sleep deprivation, and constant loud noise, which caused him headaches and mental fatigue. The Eighth Amendment prohibits conditions of confinement that "involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Depending on the exact circumstances, cold temperatures, constant illumination and loud noise may subject a prisoner to an unnecessary infliction of pain. E.g., King v. Frank, 328 F. Supp. 2d 940, 946 (W.D. Wis. 2004) (severe and prolonged noise causing sleep deprivation may state

13

Eighth Amendment claim; constant illumination may violate Eighth Amendment if it causes sleep deprivation). Plaintiff contends that defendants Campbell, Pollard, Rose and Raemisch are liable for these Eighth Amendment violations.

As explained above, liability under § 1983 must be based on a defendants's personal involvement in the constitutional violation. Gentry, 65 F.3d at 561. Plaintiff alleges that defendants Campbell and Pollard were aware of the harsh conditions in segregation and failed to take any action to address or improve these conditions. Thus, plaintiff can proceed on his Eighth Amendment claim against Campbell and Pollard. However, plaintiff cannot proceed with an Eighth Amendment claim against defendant Raemisch or Rose because plaintiff alleges no facts to indicate that Raemisch or Rose were ever made aware of the conditions in plaintiff's segregation cell.

ORDER

IT IS ORDERED that

1. Plaintiff Derek Williams' motion for reconsideration is DENIED.

2. This case is SEVERED in accordance with Fed. R. Civ. P. 20:

(a) In case number 09-cv-485-bbc, I will consider plaintiff's claims that (1) defendants Lt. Campbell violated his procedural due process rights by holding an unfair disciplinary hearing; (2) defendant Campbell violated his equal protection rights by

14

sentencing him to a harsher punishment than was given to a similarly situated white inmate; (3) defendant Campbell violated his right to be free from cruel and unusual punishment by sentencing him to the segregation unit; and (4) defendants Rick Raemisch, Welcome Rose and William Pollard violated plaintiff's due process, equal protection and Eighth Amendment rights by failing to investigate and improperly rejecting plaintiff's complaints of an unfair hearing, racial discrimination and harsh conditions in the segregation unit.

(b) In case number 09-cv-641–bbc I will consider plaintiff's claims that (1) defendant Pollard violated plaintiff's equal protection rights by imposing visitation restrictions on plaintiff that are more severe than any restrictions imposed on white inmates; (2) defendant Diane Longsine violated plaintiff's right to free speech by unlawfully censoring his complaints regarding his visitation privileges; (3) defendants Rose and Raemisch violated plaintiff's rights to equal protection by failing to investigate and improperly dismissing plaintiff's complaint of racial disparity in visitation privileges.

(c) In case number 09-cv-641-bbc plaintiff may have until November 10, 2009 to either pay the full filling fee of $350 or seek leave to proceed in forma pauperis and submit a statement of his prison trust fund account. After plaintiff either submits the filing fee or makes a partial payment, his complaint will be screened pursuant to 28 U.S.C. § 1915. If plaintiff does not submit the filing fee or trust fund account by November 10, 2009, case no. 09-cv-641-bbc will be dismissed without prejudice.

15

3. In case number 09-cv-485-bbc, plaintiff is GRANTED leave to proceed on the following claims:

(a) defendants Lt. Campbell and William Pollard violated plaintiff's right to procedural due process by either conducting or upholding an unfair disciplinary hearing on December 28, 2008 at which plaintiff was sentenced to segregation under harsh conditions;

(b) defendant Pollard violated plaintiff's right to equal protection under the law by upholding a punishment against plaintiff that was more severe than one imposed on a similarly situated white inmate;

(c) defendants Campbell and Pollard violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment by failing to address the harsh conditions that plaintiff was suffering in disciplinary segregation.

4. Plaintiff is DENIED leave to proceed on the following claims for failure to state a claim on which relief may be granted:

(a) defendants Welcome Rose and Rick Raemisch violated plaintiff's rights to procedural due process and equal protection by dismissing plaintiff's appeals regarding the December 28, 2008 disciplinary hearing and his segregation sentence;

(b) defendants Rose and Raemisch violation plaintiff's right to be free from cruel and unusual punishment by dismissing plaintiff's appeals regarding the conditions in disciplinary segregation;

16

(c) defendant Campbell violated plaintiff's right to equal protection by imposing a sentence of 120 days of segregation on plaintiff.

5. The complaint is DISMISSED as to plaintiff's claims against defendants Rose and Raemisch.

6. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants that remain in case number 09-cv-485-bbc.

7. For the remainder of this lawsuit, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

8. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. Because I have dismissed claims asserted in plaintiff's complaint for one of the

17

reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against plaintiff.

Entered this 23rd day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

18