IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

                Plaintiff,                ORDER

  v.

                                        09-cv-485-wmc

WILLIAM POLLARD and
LT. CAMPBELL,

                Defendants.

---

DEREK WILLIAMS,

                Plaintiff,                ORDER

  v.

                                        09-cv-641-wmc

WILLIAM POLLARD and
RICK RAEMISCH,

                Defendants.

---

Plaintiff Derek Williams has filed a motion for reconsideration of this court's April 29, 2010 orders in his cases 09-cv-641 (dkt. 13) and 09-cv-485 (dkt. 16), denying his motion for a preliminary injunction against Green Bay Correctional Institution Security Director Pete Ericksen, who allegedly harassed and retaliated against Williams for filing the instant lawsuits. In the April 29 order, this court explained that any claim of retaliation must be presented in a separate lawsuit from the one that is alleged to have provoked the retaliation, unless the alleged retaliation is directly, physically impairing his ability to prosecute his pending suits.

In his motion for reconsideration, Williams contends that he is in fact being prevented from prosecuting his lawsuit because prison officials are harassing and retaliating against Oscar McMillian, Williams' jailhouse lawyer, by arbitrarily limiting the amount of legal materials that McMillian may possess in his segregation cell. Because McMillian does not have access to

Williams' legal files, McMillian will be unable to prepare discovery requests and file responses to defendants' motions for summary judgment. Williams contends that he cannot prosecute his cases without McMillian's assistance.

While this court does not dismiss these current difficulties, Williams still fails to state a retaliation or denial of access to the courts claim that can be brought within the context of this lawsuit. The allegations in his motion for reconsideration suggest that prison officials are actually retaliating against *McMillian*, not Williams, at least directly. Moreover, Williams fails to show that he is being denied access to the courts.

To state a claim for denial of access to the courts, Williams must allege facts suggesting that the actions of prison officials have caused him an "actual injury" in the form of prejudice to the underlying cause of action. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *see also Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998) ("[I]f the denial [of access to the courts] has had no effect on the legal relief sought by the plaintiff, no right has been violated."). Williams has pointed to no adverse rulings or missed deadlines or any other way in which his cases have been prejudiced. While Williams alleges that he will be unable to conduct discovery or respond to defendants' summary judgment motions, he has not sought assistance from the court in the form of a motion to compel discovery or a motion for extension of time to respond. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that denial of access to courts claims should not be brought when remedy maybe pursued in other, simpler manner). Williams' motion for reconsideration will, therefore, be denied.

ORDER

IT IS ORDERED that plaintiff Derek Williams' motion for reconsideration of the court's April 29, 2010 orders is DENIED.

Entered this 9th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge