IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

                                        Plaintiff,                                        ORDER

            v.
                                                                                         09-cv-485-wmc

WILLIAM POLLARD and
LT. CAMPBELL,
                                        Defendants.

---

DEREK WILLIAMS,

                                        Plaintiff,                                        ORDER

            v.
                                                                                         09-cv-641-wmc

WILLIAM POLLARD and
RICK RAEMISCH,
                                        Defendants.

---

Plaintiff Derek Williams has filed two letters with the court concerning alleged retaliation by the security staff at the Green Bay Correctional Institution for filing the above-captioned lawsuits, as well as a motion to extend his deadline for filing his response to defendants' motion for summary judgment in case no. 09-cv-485. In his letters, Williams asks to be transferred immediately to the Dodge Correctional Institution, which the court will construe as yet another motion for emergency injunctive relief.

This court has already denied a motion for a preliminary injunction concerning retaliation and a motion for reconsideration on the same matter in plaintiff's case nos. 09-cv-641 (dkts. 13 & 15) and 09-cv-485 (dkts. 16 & 24). In those orders, the court explained to Williams that claims of retaliation cannot be raised here, unless he is being physically impaired from

1

prosecuting these cases. Because Williams has not alleged that the actions of the defendants and correctional staff prevent him from prosecuting his current claims, his renewed motion for emergency relief and transfer will be denied.

In his first letter, dated June 28, 2010, Williams alleges that he was placed in segregation in March pending investigation of an alleged rule violation, for "enterprise and fraud." He alleges that the evidence against him was "planted" and that he wrote to the deputy warden regarding staff misconduct, but his complaints were ignored or dismissed. In May, two confidential informants accused Williams' fiancé of smuggling drugs into the prison and Williams received a conduct report for "possession of intoxicants and conspiracy" resulting in 360 days disciplinary segregation. Since he has been in segregation, Williams alleges that security staff have assaulted him, denied him access to medical staff, intercepted his mail and denied acknowledgment of his complaints. Williams states that he fears for his life, but not what steps he has taken, if any, to challenge these actions through the state system.

In his second letter, dated July 1, 2010, Williams alleges that security staff has delayed his legal mail by seven to ten days, denied mail sent by his fiancé that contains legal documents, refused to acknowledge his inmate complaints and "denied" his response to defendants' motion for summary judgment in case no. 09-cv-485.

In both letters, Williams requests that he be immediately transferred from the Green Bay Correctional Institution to the Dodge Correctional Institution so that he may escape further retaliation of security staff.

As noted, Williams has been advised on two previous occasions that any claim of retaliation must be presented in a separate lawsuit, unless the alleged retaliation is directly,

physically impairing his ability to prosecute his pending suits.  Most of Williams' allegations relate to actions by security staff that are unrelated to the claims Williams is proceeding on here. The closest Williams comes to alleging that he is being physically prevented from prosecuting his cases is his statement that the mail room staff "denied" his response to defendants' summary judgment in case 09-cv-485.  This statement alone is so vague, however, that the court cannot discern what being "denied" his summary judgment response means.

In his motion for an extension of time, Williams states that jailhouse lawyer, Oscar McMillian, has had legal documents removed from his cell and that defendants have dragged their feet responding to plaintiff's discovery requests.  In response to earlier, similar complaints, the court has already advised Williams that he should keep a copy of all of his legal documents for his own files.  Dkts. 16 (in case no. 09-cv-485) and 13 (case no. 09-cv-641).  If Williams has discovery disputes with defendants, he should file a formal motion to compel, stating specifically how and when he requested certain documents and how defendants responded, if at all, rather than spending time and energy on unfounded requests for relief on matters beyond the scope of the current suit.

All of this may well have been prelude to Williams' request for additional time to file a response to defendants' motion for summary judgment in case no. 09-cv-485, which  was due on July 6, 2010.  Though skeptical of Williams' troubles submitting his response, the court will partially grant his motion for extension of time in which to submit his response.  Williams requests a 90-day extension, but has not shown that such an extension is necessary.  The deadline for his response will be extended to August 20, 2010.  Defendants' reply is due August

30, 2010.[1]  No further extensions will be granted absent good cause shown..


ORDER

IT IS ORDERED that plaintiff Derek Williams' motion for emergency injunctive relief is DENIED.  Williams' motion for an extension of time to file his response to defendants' motion for summary judgment in case no. 09-cv-485 is PARTIALLY GRANTED.  Williams' response is due **August 20, 2010**.  Defendants' reply is due **August 30, 2010**.

Entered this 21st day of July, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge


---

[1] Williams states that his fiancé will be submitting his summary judgment response.  By that, the court assumes Williams means she will be providing the response to the court.  Unless Williams or his retained attorney signs the response, the court will not accept it.  Of course, if his fiancé is both admitted to the bar and representing Williams, she could sign the response.

4