IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK WILLIAMS,

        Plaintiff,

v.

WILLIAM POLLARD and RICK RAEMISCH,

        Defendants.

ORDER

09-cv-641-bbc

---

      Plaintiff Derek Williams is proceeding on his claims that defendant William Pollard and Rick Raemisch violated his equal protection rights by enforcing racially discriminatory vsitation policies. On September 29, 2011, I gave plaintiff one final extension until October 12, 2010 to file his opposition to defendants' motion for summary judgment. Instead of filing his opposition materials, plaintiff filed a motion for appointment of counsel and a motion to stay briefing on motion for summary judgment. This pleading differs from other pleadings filed in this case and plaintiff's other case, Case No. 09-485, in that it is not typed by inmate Oscar McMillian. Rather, it is hand written, apparently by Williams himself.

      In his motion–which is well written–Williams says that on October 1, 2010, his "affidavits and evidence prepared for plaintiff's summary judgment response were seized by defendants." He asks the court to appoint him counsel because he is "unskilled legally , suffers from mental heal problems, is housed in segregation and can no longer rely on the one person who was assisting him, Oscar B. McMillian. . . ."

      As a starting point, this court would appoint a lawyer to almost every pro se plaintiff if lawyers were available to take these cases. But they are not. Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court

cannot make them. So the court only appoints counsel in cases where there is a demonstrated need, using the appropriate legal test.

As a first step plaintiff must make a reasonable effort to find a lawyer on his own. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Plaintiff states that he has been unable to make contact lawyers because he is denied access to a telephone book to obtain addresses.

Next, the court must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff says that he is unable to represent himself because he is in segregation status and because he lacks legal skills and knowledge. It appears, however, from plaintiff's motion that he had completed the materials to oppose summary judgment. Further, his motion is clear and easy to understand.

As for the complexity of the case, there is nothing in the record to suggest that this case is factually or legally difficult. Plaintiff has personal knowledge of relevant events and he should be able to obtain through discovery documents he needs to prove his claim. In sum, I am not persuaded that plaintiff's case is so complex or his skills and resources so inadequate that appointment of counsel is warranted at this time.

Nevertheless, the court is concerned that the materials plaintiff sought to file in opposition to defendants' motion for summary judgment were allegedly seized by the defendants. Therefore, the court will require defendants to respond by October 25, 2010 to the allegation that plaintiff's materials were seized. The court will stay briefing on the motion for summary judgment pending defendants' response.

ORDER

IT IS ORDERED that

1. Plaintiff Derek Williams' motion for appointment of counsel, dkt. 32, is DENIED.

2. Plaintiff Derek Williams; motion for a stay of briefing on the motion for summary judgment is PARTIALLY GRANTED;

3. Defendants must respond no later than October 25, 2010 to explain the alleged seizure of Williams' materials he planned to submit in opposition to the motion for summary judgment.

Entered this 13th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge